UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRATIKSHA LAL HASJI,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:19-cv-01979 CKD (SS)<br><br><br>ORDER |

Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for disability and disability insurance benefits under Title II of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1968, applied on April 14, 2016 for Title II benefits, alleging disability beginning November 1, 2015. Administrative Transcript ("AT") 9. Plaintiff alleged she was unable to work due to hypoxemia, hiatal hernia, pneumonitis, and depression. AT 219. In a

decision dated October 18, 2018, the ALJ determined that plaintiff was not disabled.[1]  AT 9-19.

The ALJ noted that plaintiff's claim raised

> an additional issue whether the insured status requirements of sections 216(i) and 223 of the Social Security Act are met.  The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through December 31, 2014 (hereinafter, 'the date last insured').  Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.

AT 9.

The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2014.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of November 1, 2015 through her date last insured of December 31, 2014.
>
> 3. Through the date last insured, the claimant had the following medically determinable impairments: asthma/pulmonary disease and depression.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.
>
> 5. The claimant's impairments were not disabling even if severe on and before the date last insured.
>
> 6. Through the date last insured, the claimant did not have an impairment or condition of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 7. Through the date last insured, as an alternative finding, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: must avoid all exposure to fumes, gases, and dust. The claimant was limited to performing simple, repetitive tasks with only occasional interaction with others.
>
> 8. Through the date last insured, the claimant was unable to perform any past relevant work.
>
> 9. The claimant was born on XX/XX/1968 and was 46 years old, which is defined as a younger individual age 18-49, on the date last insured.
>
> 10. The claimant has at least a high-school education and is able to communicate in English.
>
> 11. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.
>
> 12. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.
>
> 13. The claimant was not under a disability, as defined in the Social Security Act, at any time through December 31, 2014, the date last insured.

AT 11-19.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in rejecting her testimony as to the severity of her symptoms and making an adverse credibility finding; and (2) the ALJ erroneously determined the onset date of disability.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

////

////

ANALYSIS

    A.  Disability Onset Date

In an undisputed finding, the ALJ determined that plaintiff's date last insured was December 31, 2014; thus she was required to establish disability on or before that date in order to be entitled to disability insurance benefits. AT 9.

In her claim for disability insurance benefits, plaintiff alleged disability beginning nearly a year later, on November 1, 2015. See AT 9. Even so, the ALJ assessed the medical record, opinion testimony, and plaintiff's testimony to determine if she was disabled as of the 2014 onset date, ultimately concluding that she was not. See 20 C.F.R. § 404.1520a(c). In his decision, the ALJ reasoned:

> The record indicates minimal treatment before the December 31, 2014 date last insured. The claimant had asthma in 2010 and allergic rhinitis in 2014. The record indicates sporadic and conservative treatment with minimal objective findings on and before the date last insured.
>
> The record indicates worsening in 2016 per the medical evidence and the claimant's testimony. However, this was well after the December 31, 2014 date last insured.

AT 14 (citations omitted).

In her briefing, plaintiff asserts that she was disabled earlier than November 1, 2015. "According to the administrative record [in] this case," she argues, "the progression of plaintiff's condition began with reports as early as 2010. During 2014 to 2016, the condition worsen[ed] and it became apparent a serious underlying disease existed." (ECF No. 13 at 3.) Plaintiff also cites a February 2018 assessment by her treating doctor, Christine Nguyen, D.O., stating that plaintiff had been unable to work since May 2010. See AT 943-947.

The ALJ gave little weight to Dr. Nguyen's opinion for the following reasons:

> Dr. Nguyen indicated she had treated the claimant for only 1 year, or since 2016 or 2017. She does not indicate a reliable basis for estimating the claimant's functioning in 2014 before the date last insured, and the contemporaneous medical evidence from that period is sparse and does not support this retroactive disability opinion.

AT 17. Plaintiff does not dispute these reasons for discounting the 2018 opinion.

////

Rather, plaintiff argues that the ALJ should have consulted a medical expert to determine the disability onset date. In her reply, she similarly argues that the ALJ failed to develop the record as to whether she was disabled on or before December 31, 2014.

Disability hearings are not adversarial. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented). Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288.)

Here, plaintiff fails to cite objective evidence suggesting a pre-onset-date condition that could materially impact the disability decision. In determining that plaintiff's impairments were non-severe prior to the date last insured, the ALJ explained:

> Specifically, the claimant was evaluated and treated for asthma and depression. The physical treatment record is largely unremarkable apart from a history of asthma. However, no acute respiratory problems have been identified.[2] Furthermore, no aggressive treatment was recommended or anticipated for these conditions.

AT 13.

The record of potentially debilitating symptoms before 2015 is sparse. At the hearing on her claim, plaintiff testified that she started using oxygen for her respiratory symptoms in 2016. AT 35-36. In March 2016, she sought treatment for post-nasal drip, shortness of breath, and wheezing over the past five months. AT 321. "This is the third time she has had an episode like this," the treatment notes stated, "the first few times lasting 4-5 months and resolved with a period of asymptomatic of 1-2 years in between." AT 321. Similarly, in April 2016, plaintiff

---

[2] Citing AT 432-499 (UC Davis treatment records from 2010 to 2016), 559-619 (UC Davis progress notes from 2010 to 2012), 732-826 (Sutter Health treatment records from 2013 to 2017), and 832-940 (Sutter Health treatment records from 2013 to 2017).

reported that she had experienced shortness of breath for six months. AT 339; see also AT 1004 (March 2017 treatment note: "She states that she had some respiratory problems in 2012 and 2014 but did not specifically seek medical attention and noted the onset of breathing problems in November 2015.").

As to her mental symptoms, in a July 2013 new patient assessment, plaintiff was marked negative for depression and anxiety and found to have normal affect. AT 744-745. In February 2015, she reported "some anxiety and emotional swings" at a gynecological appointment. AT 376. Plaintiff first sought treatment for anxiety in March 2015, stating that her symptoms started in October 2014 after her only child moved away for college. AT 374.

The ALJ acknowledged that plaintiff's symptoms worsened later, after December 31, 2014. AT 14. However, aside from plaintiff's subjective statements, discussed below, there was not enough "ambiguous evidence" of pre-2015 disability to warrant the appointment of a medical expert or further development of the record. Thus, plaintiff is not entitled to relief on this basis.

B. Credibility

Plaintiff next argues that the ALJ improperly discounted her subjective statements and the third-party testimony of her husband.

The ALJ summarized plaintiff's 2018 testimony as follows:

> The claimant testified at the hearing that she was not currently working. She stopped working [retail] in 2009 when the company closed down. She acknowledged that she worked online on eBay, with help from her husband, until approximately 2012. She worked on a part-time basis, forty-five minutes to one hour a day.
>
> The claimant testified to asthma and ongoing symptoms. Since 2016, she said that she has required oxygen. Because of shortness of breath, she said that her husband has done all the housework since 2010. Functionally, the claimant estimated she can stand in one place for less than one hour. She says that she sleeps all the time and struggles with suicidal thoughts. The claimant said that prescribed medications cause severe side effects, including swelling in the face and fatigue.

AT 13, citing AT 39-41. Plaintiff testified that her current condition was the same as it was in 2010. AT 37.

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record.  AT 13.  As noted above, the ALJ cited a "largely unremarkable" treatment record for physical symptoms during the relevant time, and noted that "no aggressive treatment was recommended or anticipated for these conditions."  AT 13.  The ALJ further noted "minimal treatment" before December 31, 2014, and "sporadic and conservative treatment with minimal objective findings on and before the date last insured."  AT 14.

As to her ability to function in a work setting, ALJ noted plaintiff's statements that "she is able to handle self-care and personal hygiene.  Meanwhile, the objective evidence in the record showed the claimant to have appropriate grooming and hygiene, no problem getting along well with providers and staff, normal mood and affect, and no problems with temper control."  AT 15, citing AT 259-271 (June 2016 adult function report).

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and

1    effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.

2    Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek

3    treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ

4    in determining whether the alleged associated pain is not a significant nonexertional impairment.

5    See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part,

6    on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir.

7    1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6

8    (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the

9    Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

10   Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

11          Having reviewed the ALJ's decision and the record, the undersigned concludes that the

12   ALJ used the proper process and provided proper reasons to discount plaintiff's subjective

13   statements.  Thus, the court defers to the ALJ's discretion on the issue of credibility.

14          The ALJ also discounted the lay testimony of plaintiff's husband, reasoning as follows:

15,16,17
> Statements were also provided by the claimant's husband.[3] However, these statements were offered well after the claimant's date last insured.  Ultimately, these statement[s] are not persuasive for the same reasons set forth in finding the claimant's allegations to be less than wholly consistent.

18   AT 13.

19          "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects

20   ability to work is competent evidence, and therefore cannot be disregarded without comment."

21   Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915,

22   918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's

23   symptoms and daily activities are competent to testify to condition).  "If the ALJ wishes to

24   discount the testimony of the lay witnesses, he must give reasons that are germane to each

25   witness."  Dodrill, 12 F.3d at 919.  Here, the ALJ rejected the lay testimony for the same reasons

26   as plaintiff's, including that it largely concerned plaintiff's symptoms after the date last insured.

---

[3] Citing AT 248-258 (June 2016 third-party function report), 299-300 (December 2017 third-party correspondence), 301-303 (December 2017 third-party statement).

See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009) (where ALJ provided sufficient reasons for rejecting claimant's own testimony, "it follows that the ALJ also gave germane reasons for rejecting" similar testimony of lay witness).  The undersigned finds no error on this basis.

CONCLUSION

      For the reasons stated herein, IT IS HEREBY ORDERED that:

      1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

      2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is granted; and

      3. Judgment is entered for the Commissioner.

Dated:  February 9, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/hasji1979.ssi.ckd